**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL ECKARD, | No. 19-35307 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01053-JCC |
| v. | |
| ASEN DESHEV, Correctional Mental Health Custody Unit Supervisor, sued individually and in official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 2, 2020[**]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Washington state prisoner Gabriel Eckard appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising out of his loss of book privileges. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Eckard's First Amendment claim because Eckard failed to raise a genuine dispute of material fact as to whether the prison policies under which he was sanctioned were not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (stating that a prison regulation impinging on First Amendment rights is valid if it is reasonably related to legitimate penological interests and articulating the factors for determining the reasonableness of the prison regulation at issue).

The district court properly granted summary judgment on Eckard's due process claim arising from his prison disciplinary proceedings because Eckard failed to raise a triable dispute as to whether he was denied any procedural protections that were due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974) (due process requirements for prison disciplinary proceedings); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports prison disciplinary decision); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation).

The district court properly granted summary judgment on Eckard's

deliberate indifference claim because Eckard failed to raise a triable dispute as to whether defendants were deliberately indifferent to his mental health needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health).

The district court did not abuse its discretion by denying Eckard's motions for appointment of counsel because Eckard failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirements for appointment of counsel).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

19-35307